# DuaneMorris

FIRM and AFFILIATE OFFICES
NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

ANTHONY J. COSTANTINI
DIRECT DIAL: 212.692.1032
PERSONAL FAX: 212.692.1020
E-FAX: 212 202-4715
E-MAIL: ajcostantini@duanemorris.com

www.duanemorris.com

March 6, 2015

**VIA ECF**
Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street, Room 1630
New York, New York  10007-1312

Re:   **Graziano Adami, et al v. The Republic of Argentina,
14 Civ. 7739 (TPG)**

Your Honor:

We represent several Argentina bondholders, some of whom have judgments and some of whom have not.  A number of our clients have brought motions for summary judgment based upon the motion brought by NML.  It is in this context that we respond to the two March 3, 2015 letters of Christopher Clark, who represents a group of so called Euro Bondholders.

In his first letter, Mr. Clark informs the Court of a recent decision by the English High Court.  We have no problem with him doing so, but it must be pointed out that none of our clients or any other holdover bondholders participated in the argument before the English court, primarily because we believe the matters at issue are already before the courts of the United States and should not have been addressed elsewhere.  I attach my letters to the High Court of November 19 and December 3, 2014, as well as the letter of Robert A. Cohen dated December 5, 2014.

Your Honor has ruled, and the Second Circuit has confirmed, that there can be no payments to the Euro Bondholders, who are undisputedly Exchange Bondholders, until holdover Bondholders are paid on a ratable basis.  This ruling was based on your conclusion, again affirmed by the Second Circuit, that the *pari passu* clause of the New York-law 1994 Fiscal Agency Agreement was violated by the 2005 and 2010 Exchange Offers, as well as the Republic's conduct in 2013.  The Euro Bondholders have since 2005 received millions of dollars in payments as a result of these contractual breaches before this Court issued its injunction.  Whether or not this injunction should have been issued, and whether other remedies are available, are matters of New York law and this Court's equitable jurisdiction.  In effect, the Trust Agreement that otherwise governs has been suspended unless and until the Republic obeys the orders of the courts of these United States.  Until that point, English law has no application.

Honorable Thomas P. Griesa
March 6, 2015
Page 2

Consequently, there is no reason for this Court to "reconsider its prior rulings as they apply to the Euro Bonds", especially since this Court, the Second Circuit, and the Supreme Court have given the Euro Bondholders every opportunity to be heard, and the High Court itself has said that it was "very concerned not to intrude improperly into matters which are before the U.S. courts."

     Mr. Clark's second letter proposes that this Court issue orders which would greatly expand the litigation before it. We respectfully submit that any such suggestion should come from the parties, in consultation with the Special Master, and not from a group of interested non-parties who, innocent or not, have greatly benefited from the misdeeds of the Republic.

Very truly yours,

Anthony J. Costantini

AJC/gg

Enclosure

cc:  All Counsel of Record (Via ECF)
     Christopher J. Clark, Esq. – christopher.clark2@lw.com
     Robert A. Cohen, Esq.
     Daniel A. Pollack, Esq.